

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| ADELE STRISS,<br>            Plaintiff,<br><br>vs.<br><br>JOHN E. POTTER, Postmaster General,<br>United States Postal Service,<br>            Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 8:04-22435-HFF-BHH<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE AND GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR
SUMMARY JUDGMENT

**I.    INTRODUCTION**

This is an employment discrimination case filed pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  The matter is before the Court for review of the report and recommendation (Report) of the United States Magistrate Judge suggesting that the Court grant Defendant's motion to dismiss and motion for summary judgment.  The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge filed the Report on August 16, 2006, and Plaintiff filed objections on September 20, 2006.  Plaintiff objects to the portion of the Report in which the Magistrate Judge recommends that the Court grant Defendant's motion for summary judgment.[1]

---

[1] Plaintiff does not object to the portion of the Report in which the Magistrate Judge recommends that the Court grant Defendant's motion to dismiss Plaintiff's claims of racial discrimination and retaliatory harassment.  In the absence of such objections, the Court is not required to give any explanation for adopting that portion of the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Moreover, a failure to object waives appellate review.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION[2]

As noted by the Magistrate Judge, a plaintiff seeking to recover under Title VII or Section 1981 for gender discrimination or retaliation must initially establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Second, if the plaintiff makes this showing, a defendant-employer must articulate a legitimate, non-discriminatory reason for its actions. *Id.* If the defendant-employer meets this burden, then the plaintiff must establish *by a preponderance of the evidence* that the reason articulated by the employer is a pretext to mask unlawful discrimination. *Id.* (emphasis added).

Here, the Magistrate Judge concluded that Plaintiff created genuine issues of fact regarding her prima facie cases for gender discrimination and retaliation and that Defendant articulated legitimate, nondiscriminatory reasons for its actions. Plaintiff does not dispute this conclusion of the Magistrate Judge. Therefore, the deciding factor for purposes of Defendant's motion for summary judgment is whether Plaintiff could establish that Defendant's articulated reasons for its

---

*Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985).

[2]The Magistrate Judge set forth the relevant facts in the Report; they will not be repeated here.

actions were merely a pretext to mask unlawful discrimination. The Magistrate Judge concluded that Plaintiff cannot rebut Defendant's legitimate, non-discriminatory reasons for its actions.

Plaintiff objects to the Magistrate Judge's acceptance of Defendant's proffered reasons for its actions.[3] Specifically, Plaintiff argues that the Magistrate Judge (1) discounted the pretextual nature of Defendant's articulated justification for its failure to promote Plaintiff to the position of Upstate Manager of Post Office Operations ("MPOO"); (2) erroneously concluded that Plaintiff was unqualified for details to the positions of Upstate MPOO and Senior MPOO; (3) assigned too much weight to the personnel problems in the Anderson Post Office; (4) overlooked circumstantial evidence regarding the retaliatory animus of decisionmakers who were the subjects of Plaintiff's EEO complaints; and (5) erroneously assessed the evidence relating to Plaintiff's seeking permanent promotion and/or details to the position of Lowcountry MPOO.

In a typical gender discrimination or retaliation case under Title VII or Section 1981, a plaintiff must demonstrate more than the untruthfulness of the asserted reasons to meet his burden of showing that the defendant-employer's articulated reasons were merely a pretext. In so doing, a plaintiff must establish that a factfinder would affirmatively believe his explanation of intentional discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 539 U.S. 133, 147 (2000). The Supreme Court, however, has also noted that, in some cases, a plaintiff's prima facie showing, when combined with sufficient evidence to find that the justification asserted by the employer is false, can create an inference that the defendant's proffered reason is a pretext for intentional discrimination.

---

[3]Plaintiff does not object to the Magistrate Judge's conclusion that she cannot rebut Defendant's articulated justifications with regard to the following positions: Midlands MPOO, Greenville Postmaster, Manager Operations Support, and Manager of Marketing. Accordingly, those portions of the report are adopted without objection. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, waives further review).

*Id.* at 147-48.  However, this analysis does not convert Title VII into a vehicle for challenging unfair – but nondiscriminatory – employment decisions.  *Holder v. City of Raleigh*, 867 F.2d 823, 828 (4th Cir. 1989).  Here, the Magistrate Judge concluded that Plaintiff failed to provide sufficient evidence to create genuine issues of material fact as to whether Defendant's articulated justifications for its actions were actually pretexts for unlawful discrimination and retaliation.  This Court agrees.

    **A.    Defendant's Articulated Justification for Its Failure to Promote Plaintiff to the Position of Upstate MPOO**

The Magistrate Judge concluded that Plaintiff had not created any genuine issue of fact as to whether Defendant's proffered reasons for choosing Selwyn Epperson for the Upstate MPOO position were pretexts for discrimination or retaliation.  Plaintiff objects to this conclusion, arguing that (1) the Magistrate Judge's assessment of Plaintiff's comparison of her qualifications against Epperson's qualifications was misplaced; (2) the Magistrate Judge discounted the fact that Epperson was ultimately rejected by the USPS management at the Mid-Atlantic Area level; and (3) Defendant's proffered justification is unworthy of credence because a member of the selection panel was Lee Asbury, whom Plaintiff had complained about to then-Congressman Lindsay Graham.

    1.    Plaintiff's Qualifications

Plaintiff contends that she provided evidence that her qualifications were demonstrably superior to Epperson's.  In support of this contention, Plaintiff argues that she had more management experience than Epperson and that she had risen to a higher EAS level than Epperson.  As the Magistrate Judge noted in the Report, Defendant was entitled to consider a variety of factors in making its decision of who should be promoted to the Upstate MPOO position.  *See Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006) (stating that courts "assess relative job qualifications based on the criteria that the employer has established as relevant to the position

4

in question"). The record indicates that an interview board for the position asked each applicant the same questions in the same manner and believed Epperson to be better qualified based upon superior knowledge, preparation, thoroughness of answers, professionalism, presentation, and attitude during the interview. This evidence establishes the factors the interview board used to make its decision as to who was best qualified for the position of Upstate MPOO. The board relied heavily on performance during the interview. This Court does not "sit as a kind of super-personnel department weighing the prudence of employment decisions made by employers charged with employment discrimination." *DeJarnette v. Corning Inc.*, 133 F.3d 293, 294 (4th Cir. 1998) (citations omitted). Because the interview board based its decision primarily on performance during the interview, Plaintiff's comparison of her management experience and EAS level with those of Epperson does not rebut Defendant's articulated reason for choosing Epperson. Accordingly, the Magistrate Judge was correct in concluding that Plaintiff did not show she had demonstrably superior qualifications to Epperson.

2.     Mid-Atlantic Area Office's Decision to Reject Epperson

Plaintiff argues that Epperson must not have been a stellar candidate because management at the Mid-Atlantic Area level rejected the panel's recommendation of Epperson for the Upstate MPOO position. Plaintiff made the same argument in her response to Defendant's motion for summary judgment. The Magistrate Judge correctly rejected this contention for two reasons. First, "it is wholly possible that he was not qualified for the position and, yet, still better qualified than the plaintiff." Second, "whether the review committee ultimately made the 'right' decision in choosing Epperson is immaterial, so long as their belief that he was the superior candidate was the 'true' reason for their decision." A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th

Cir. 1985). Plaintiff has failed to provide any evidence, other than mere speculation, that upper-level management's decision to reject Epperson for the position undermines the credibility of Defendant's stated reasons for choosing Epperson. Therefore, Plaintiff has failed to carry her burden of showing that Defendant's articulated justification was pretext for discrimination or retaliation.

        3.        Lee Asbury's Service on the Selection Panel

Plaintiff further argues that Defendant's proffered reason for selecting Epperson to the Upstate MPOO is unworthy of credence because Lee Asbury, whom Plaintiff complained about to then-Congressman Lindsay Graham, served on the three-member selection panel for the position. Plaintiff bases this argument on Defendant's claim that Asbury found Plaintiff to be "insurbordinate" and "untrustworthy" because she complained to then-Congressman Graham. However, Asbury's claim that he considered Plaintiff untrustworthy is not based on a complaint of gender discrimination. Instead, Asbury believed Plaintiff was untrustworthy because Plaintiff had agreed to a plan to reassign supervisors out of Anderson and then made a statement to then-Congressman Graham that disavowed and criticized the plan. Def.'s Mem. Supp. Summ. J. at 17; Def.'s Mem. Supp. Summ. J. Ex. 18 at 120-24. Asbury no longer felt he could trust that Plaintiff would follow his instructions. Plaintiff has failed to offer any evidence, other than mere speculation, to rebut this argument. Moreover, the selection panel consisted of three members who unanimously concluded that Epperson was the best candidate. Accordingly, Plaintiff has failed to create a genuine issue of material fact as to whether Defendant's articulated justification was pretext for retaliation.

**B.    Plaintiff's Qualifications for Details to the Positions of Upstate MPOO and Senior MPOO**

The Magistrate Judge found that Plaintiff had not created any genuine issue of fact as to whether Defendant's articulated justifications for denying Plaintiff's requests to serve details to the

6

Upstate MPOO and Senior MPOO positions were pretexts for retaliation. Plaintiff objects to the Magistrate Judge's conclusions regarding the Upstate MPOO and Senior MPOO positions, arguing that the Magistrate Judge erroneously concluded that Plaintiff was not qualified for details to these positions and/or that these positions were already filled.

First, Plaintiff appears to have misunderstood the Report. The Magistrate Judge did not find that Plaintiff was unqualified for either of these positions. Rather, the Magistrate Judge concluded that Plaintiff failed to establish that her qualifications were demonstrably superior to the qualifications of those who were selected for the details. Thus, Plaintiff has failed to provide sufficient evidence that Defendant's explanation may be pretext. *See Heiko*, 434 F.3d at 261-262.

Plaintiff fails to offer evidence that Defendant's decision to deny Plaintiff's requests for details to these positions was retaliatory. Defendant offered legitimate, nondiscriminatory reasons for denying Plaintiff's requests. Defendant did not think it was in the best interest of the Postal Service for Plaintiff to leave Anderson for the Upstate MPOO detail in the Spring of 2000 because of the Anderson employees' complaints to the Inspector General's Office. Defendant denied Plaintiff's request to be detailed to the Senior MPOO position because Lee Asbury was performing well in the position and had helped stabilize the operation in the District. Plaintiff contends that this justification is pretext for retaliation because the fact that a particular position is filled with a person serving a detail does not necessarily mean that the position is "filled." However, Defendant argues not only that Asbury was serving a detail in that position, but also that he was performing well and had helped stabilize the operation. Plaintiff failed to address the argument that Defendant chose to keep Asbury in the position based on his performance and failed to provide evidence, beyond mere speculation, that Defendant's justification for denying Plaintiff details to the Upstate MPOO and Senior MPOO positions is pretext for retaliation.

7

### C.  Personnel Problems in the Anderson Post Office

Plaintiff contends that Defendant's argument that it refused to assign Plaintiff to details because of problems in Anderson lacks credibility because the problems in the Anderson Post Office pre-dated Plaintiff's tenure. However, the fact that problems existed before Plaintiff began working in Anderson does not, by itself, rebut Defendant's legitimate, nondiscriminatory justification that the problems in Anderson factored into Defendant's decisions. First, Defendant believed that Anderson was not performing as well under Plaintiff's leadership as it had under previous leadership. Even though Anderson had dealt with personnel problems in the past, it is possible that those problems worsened under Plaintiff's leadership. Further, Plaintiff must rely on something more than a conclusory allegations alone. For instance, if Plaintiff had put forth evidence that previous Postmasters from Anderson had been promoted while serving under the same conditions of poor employee relations, such evidence would create a genuine issue of material fact as to whether Defendant's reliance on the conditions at Anderson is pretext for discrimination or retaliation. However, here, Plaintiff merely states that because Anderson had a history of poor employee relations, Defendant cannot use that as a justification for its refusal to promote Plaintiff or assign her to details. Accordingly, Plaintiff has failed to produce sufficient evidence to create a genuine issue of fact as to whether reliance on the poor employment conditions at Anderson is pretext for discrimination or retaliation.

### D.  Alleged Retaliatory Animus of Decisionmakers Who Were the Subjects of Plaintiff's EEO Complaints

Plaintiff argues that the Magistrate Judge overlooked circumstantial evidence regarding the retaliatory animus of decisionmakers, specifically Lee Asbury, who were the subjects of her EEO complaints. As previously discussed, Asbury's perception of Plaintiff as untrustworthy is based on

8

Plaintiff's agreeing to a plan to reassign supervisors out of Anderson but then making a statement to then-Congressman Graham that disavowed and criticized the plan. Def.'s Mem. Supp. Summ. J. at 17; Def.'s Mem. Supp. Summ. J. Ex. 18 at 120-24. After this occurred, Asbury felt he could no longer trust Plaintiff to follow his instructions. Further, as noted, the decision to promote Epperson to the Upstate MPOO position was made by a three-member panel rather than by Asbury alone. The three-member panel unanimously concluded that Epperson was the more qualified candidate.

### E.   Plaintiff's Eligibility for and Qualifications for the Position of Lowcountry MPOO

Plaintiff argues that the Magistrate Judge erroneously assessed the evidence relating to Plaintiff's seeking permanent promotion and/or details to the Lowcountry MPOO position. Specifically, Plaintiff contends that Defendant added a 50-mile radius requirement for the position in retaliation for Plaintiff's EEO activity and that Plaintiff was more qualified than Rochelle Kilgore, who was assigned to the detail. In her objections, Plaintiff claims that the Magistrate Judge ignored Plaintiff's argument that the 50-mile radius requirement was not originally a requirement for the Lowcountry MPOO position. However, the Magistrate Judge did address this argument, stating that this allegation might be evidence that Defendant's proffered reason was untrue, but that Plaintiff failed to direct the Court's attention to any evidence that the restriction was added after the original listing. The Court agrees with the Magistrate Judge. Plaintiff has again failed to direct the Court to evidence of the addition of the radius requirement. Accordingly, Plaintiff has failed to create a genuine issue of material fact as to her eligibility for the Lowcountry MPOO position.

Plaintiff also contends that the Magistrate Judge failed to give attention to the fact that Defendant could have waived the 50-mile radius requirement. However, it does not follow from the

9

proposition that Defendant *could* waive the requirement that Defendant *must* waive the requirement. Further, because Defendant concluded that Kilgore was more qualified than Plaintiff, Defendant would not have waived the requirement. Plaintiff attempts to rely on mere speculation that Defendant refused to waive the radius requirement in retaliation for Plaintiff's EEO activity. However, Plaintiff has failed to provide evidence that creates a genuine issue of material fact as to the pretextual nature of Defendant's articulated justification for refusing to promote Plaintiff to the Lowcountry MPOO position.

### V.  CONCLUSION

In light of the standards set out above, the Court has reviewed, de novo, the Report, the objections thereto, and the record in this case. The Court overrules Plaintiff's objections, adopts the Report and incorporates it herein to the extent that it does not contradict this order, and **GRANTS** Defendant's motion to dismiss and motion for summary judgment.

**IT IS SO ORDERED.**

Signed this 28th day of September, 2006, in Spartanburg, South Carolina.

              s/ Henry F. Floyd
              HENRY F. FLOYD
              UNITED STATES DISTRICT JUDGE