UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Julie Ragsdale, | ) | Civil Action No.: 8:05-142-RBH |
| Plaintiff, | ) | |
| John E. Potter, Postmaster General United States Postal Service, | ) | |
| Defendant. | ) | **O R D E R** |
| Adele Striss, | ) | Civil Action No.: 8:04-22435-RBH |
| Plaintiff, | ) | |
| John E. Potter, Postmaster General, United States Postal Service, | ) | |
| Defendant, | ) | |

This matter is before the Court on [81] Objections to Subpoena by Adele Striss and [70] Objections to Subpoena by Julie Ragsdale, both documents filed *pro se.* By Order filed on June 1, 2007, this Court ordered attorney Gaffney to submit to the Court, under seal, all documents responsive to the subpoena for *in camera* review. Attorney Gaffney submitted the documents to the Court via facsimile on June 5, 2007, and the Court has reviewed the same.[1]

In their *pro se* memoranda filed in opposition to the subpoena, the plaintiffs have in fact attached most of the same letters and e-mails which have now been submitted by Attorney Gaffney

---

[1] The Court has filed the documents with the Clerk under seal.

1

to the Court. Waiver of the attorney-client privilege by conduct (implied waiver) "occurs when the party claiming the privilege has made any disclosure of a confidential communication to an individual who is not embraced by the privilege. . . [S]uch disclosure not only waives the privilege as to the specific information revealed, but also waives the privilege as to the subject matter of the disclosure." Hawkins v. Stable, 148 F.3d 379, 383 (4th Cir. 1998). Clearly, the plaintiffs have waived any objection under attorney-client privilege to the documents submitted by Attorney Gaffney.

In addition, the Court finds that the documents submitted do not constitute attorney work product, since they were not prepared in anticipation of litigation or for trial and do not appear to contain the mental processes of the attorney but rather reference the settlement which had allegedly been reached. See Upjohn Co. v. United States, 449 U.S. 383 (1981).

The motion to quash the subpoena is accordingly **DENIED**. Attorney Gaffney is ordered to provide a copy of the documents to Attorney Taylor.

**AND IT IS SO ORDERED.**

                                                                 s/ R. Bryan Harwell
                                                                 R. Bryan Harwell
                                                                 United States District Judge

June 6, 2007
Florence, South Carolina